**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| The Global Standard gemeinnützige GmbH, | Case No: |
| Plaintiff, | |
| | COMPLAINT FOR CERTIFICATION MARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR TRADE PRACTICES |
| v. | |
| | **DEMAND FOR JURY TRIAL** |
| KEETSA, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff, the Global Standard gemeinnützige GmbH ("Plaintiff" or "GSG"), by and through its undersigned counsel, pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq*., New York State Unfair Trade Practices, and New York common law asserts trademark infringement, false advertising, unfair trade and deceptive business practices and common law violations against Keetsa, Inc. ("Defendant" or "Keetsa").

GSG hereby seeks (1) injunctive relief against Defendant's continued unauthorized use and exploitation of Plaintiff's certification trademarks; and (2) damages arising from Defendant's past and present acts of infringement, false advertising, and unfair practices in violation of the Lanham Act, New York State Unfair Trade Practices, and New York common law.

## PARTIES

1.      Plaintiff, The Global Standard gemeinnützige GmbH, is a non-profit legal entity formed under the laws of Germany with a business address of Augustenstrasse 84 A, 70178 Stuttgart, Germany.

1

2.     Defendant, Keetsa, Inc., is a corporation organized in California with a business at 8 Division Street, San Francisco, California 94103, and maintains a sales showroom in Manhattan located at 69 Mercer Street, New York, NY 20012.

## JURISDICTION AND VENUE

3.     This action arises under the Trademark Act of 1946, commonly referred to as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, for trademark infringement, false advertising, and unfair trade practices and under New York statutory and common law.  This Court has subject matter jurisdiction over this dispute pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction under 28 U.S.C. § 1367.

4.     The Court has personal jurisdiction over the Defendant based on the operation of its ongoing businesses and contacts within this jurisdiction.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)-(d) because substantial events and property subject to this action is located in this district; and Defendant maintains a retail store located in this district and sells goods to consumers in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.     GSG was formed in 2008 by the members of the "The International Working Group (IWG)," an organization comprised of four international associations, namely, the Organic Trade Association (OTA), USA; International Association Natural Textile Industry (IVN), Germany; Soil Association (SA), England; and the Japan Organic Cotton Association (JOCA), Japan.

7.     The IWG's mission is the development, implementation, verification, protection and promotion of the Global Organic Textile Standard, also referred to as GOTS, a processing standard for organic fiber, including ecological and social criteria, backed up by independent certification of the entire textile supply chain from farm to finished consumer goods.

2

8.      GOTS is a strict standard which defines organic textiles grounded on a system of organic farming and production relying on adequate animal husbandry, maintaining and replenishing soil fertility without the use of toxic pesticides and fertilizers, and excluding genetic modification.

9.      The standard includes regulations of the supply chain for both ecology and labor conditions in textile, apparel, and consumer product manufacturing using organically produced raw materials.

10.     GOTS is a certification standard which seeks to define world-wide recognized requirements that ensure the organic status of textiles, from harvesting of the raw materials, through environmentally and socially responsible manufacturing up to labelling of products in order to provide a credible assurance to the end consumer.

11.     The GOTS certification system is a quality assurance system which includes checking the compliance of relevant criteria including on-site auditing, inspections, residue testing, and rigorous licensing and labeling requirement as detail in the GOTS regulations.  The GOTS Global Organic Textile Standard is publically available at http://www.global-standard.org/the-standard/latest-version.  The GOTS Licensing and Labelling Guide is publically available at http://www.global-standard.org/licensing-and-labelling/licensing-and-labelling-guide.

12.     GSG is the owner of the certification word mark "GOTS", registered with the United States Patent and Trademark Office issued under U.S. Registration No. 4992749 ("the GOTS Mark").  See Exhibit A

13.     GSG is also the owner of the below indicated trademark certification logo registered with the United States Patent and Trademark Office under US Registration No. 4992749 ("the GOTS logo").  See Exhibit B



14.     GSG licenses non-exclusive rights to certified entities for use of the GOTS logo to indicate goods bearing the GOTS logo are certified organic in accordance with the rigorous GOTS standard.

15.     The GOTS labelling conditions do not permit use of the GOTS logo or any reference to GOTS certification on the final textile product if the GOTS certification is authorized only for intermediate stages (such as the yarn or fabric manufacturing stage) or for specific components of the product.  Use of the GOTS mark is not permitted if the Business-to-Business ("B2B") traders in the supply chain do not participate in the certification system.  A precondition for on-product label use is that the whole value chain and the final product is certified and that the intended labelling is explicitly approved by a GOTS certifier.

16.     The GOTS labelling conditions require product labelling using the GOTS logo be accompanied by the applicable "organic" label grade respective "made with (x %) organic materials", by a reference to the Approved Certifier who has certified the marked goods and provided the license number of the Certified Entity as provided by the Approved Certifier.  These conditions also apply for identification of GOTS certified Goods presented (for sale) in catalogues, on web pages or other publications or promotional efforts.

17.     GSG owns over 50 international trademark registrations for the GOTS logo.

18.     Through its licensing and certification program, GSG has certified in excess of 3,600 facilities for over 1800 entities operating in 64 countries throughout the world.

19.     GSG owns both federal and common law trademark rights in the United States based on its use of the GOTS logo by certified entities which produce organic textile products in and/or for distribution within the United States.

20.     GSG also owns federally registered and common law rights in the United States for the word mark GOTS without a logo based on and in connection with its certification services and certification of goods.

21.     The GOTS logo and the GOTS mark are used by certified entities to indicate that goods manufactured or processed meet the organic textile standards regulated and controlled by GSG.

22.     The GOTS logo and GOTS mark are inherently distinctive certification marks which consumers rely upon for assurance of the organic composition of GOTS labeled products.

23.     GSG has developed significant goodwill in the GOTS logo, the GOTS mark, and Global Organic Textile Standard brand for use in connection with organic goods.

24.     On information and belief, the growth of the organic goods industry worldwide has grown to over $60 billion per year and the United States is the largest single market for organic goods.

## UNITED STATES REGULATIONS OF THE TERM "ORGANIC"

25.     Use of the term "organic" is regulated in the United States, falling within the purview of the United States Department of Agriculture (USDA).

26.     The USDA has its own certification trademark for goods certified by the USDA as organic, however the USDA certification requirements have been designed especially for food products.

27.     The USDA's National Organic Program (NOP) sets forth requirements pertaining to the labeling claims of products containing organic fibers in its Policy Memorandum "Labeling of Textiles That Contain Organic Ingredients."

28.     Through the Policy Memorandum the USDA has expressly approved the GOTS certification standard.  Currently, GOTS is the only USDA approved third-party certification system for certifying organic textiles and textile products labeled as organic.

<u>**DEFENDANT'S UNAUTHORIZED USES OF THE GOTS CERTIFICATION MARKS**</u>

29.     KEETSA has in the past and currently promotes certain mattresses as certified organic.

30.     KEETSA currently advertises mattresses on the internet touting its KEETSA mattresses and prominently displaying the GOTS logo to indicate the KEETSA mattresses are certified to the GOTS standard.  <u>See</u> <u>Exhibit C</u>.

31.     KEETSA currently promotes the **Keetsa Plus** mattress and touts the mattress as GOTS certified with the GOTS logo prominently placed on top and/or next to images of the Keetsa Plus mattress when in fact the mattress is not GOTS certified.  <u>See</u> <u>Exhibit D</u>.

32.     KEETSA currently promotes the **Keetsa Pillow Plus** mattress and touts the mattress as GOTS certified with the GOTS logo prominently placed on top and/or next to images of the Keetsa Pillow Plus mattress when in fact the mattress is not GOTS certified.  <u>See</u> <u>Exhibit E</u>

33.     KEETSA currently promotes the **Keetsa Cloud** mattress and touts the mattress as GOTS certified with the GOTS logo prominently placed on top and/or next to images of the Keetsa Cloud mattress when in fact the mattress is not GOTS certified.  <u>See</u> <u>Exhibit F</u>

34.     KEETSA touts its Keetsa Plus, Keetsa Pillow Plus, and Keetsa Cloud mattresses (hereinafter "KEETSA mattresses") as manufactured with flexible polyurethane foam, and touts

the CertiPUR-US certification mark which is owned by the Alliance for Flexible Polyurethane Foam, Inc., as appears below.



35.     KEETSA promotes the CertiPUR-US certification logo prominently and directly next to the GOTS logo on labeling for its Keetsa Plus, Keetsa Pillow Plus, and Keetsa Could mattresses as depicted below.



36.     The GOTS certification logo is not authorized for use on mattresses containing polyurethane foam.

37.     Mattresses made with polyurethane foam are manufactured with chemicals which cause off-gasses, a release of chemical fumes.

38.     Polyurethane foams are made with chemicals and mattresses made with polyurethane foam give off volatile organic compounds (VOCs) which are also referred to as off-gasses.

39.     Defendant's mattress touted with the GOTS logo have been referenced by Defendant's consumers as containing off-gasses, including consumers who indicated their sensitivity to off-gasses, and other consumers that indicated that Defendant's mattresses have a chemical smell.  See Exhibit G.

40.     Consumer reviews touted on the Defendant's web site reveal at least one consumer believes the mattress she purchased from the Defendant is organic and was sold a great price point for an organic mattress.  See Exhibit H.

41.     On information and belief, purchasers of Defendant's mattresses have been deceived that the mattresses they purchased were certified organic by the Plaintiff.

42.     GOTS certified organic mattresses manufactured with foam use natural latex rubber foam derived from latex certified according to a program that verifies compliance with sustainable forestry management principles.

43.     Defendant's unauthorized uses of the GOTS logo adjacent to the use of the CertPUR-US logo is the antithesis of the GOTS organic certification standard.

44.     KEETSA is not licensed to use the GOTS logo or the GOTS word mark.

45.     KEETSA had never been licensed to use the GOTS logo or the GOTS word mark.

46.     KEETSA's use of the GOTS logo and GOTS word mark are unauthorized.

47.     KEETSA's use of the GOTS logo and GOTS word mark falsely imply that mattresses manufactured by KEETSA have been certified to the GOTS standard.

48. KEETSA's use of the GOTS logo and GOTS word mark in connection with the term "organic" falsely implies that the KEETSA mattresses meet GOTS standards for organic mattresses, when in fact they do not.

49. On information and belief KEETSA mattresses do not even meet the NOP standards pertaining to the permissible standards for use of the term organic in connection with mattresses.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

50. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-49, which are incorporated herein by reference.

51. Defendant's unauthorized uses of Plaintiff's certification marks is likely to cause confusion, or to cause consumers to be mistaken, or deceived as to the affiliation, connection, association, sponsorship, approval, or the accreditation of Defendant's mattresses.

52. On information and belief, at the time the Defendant made the decision to use the GOTS logo as complained of herein, Defendant was fully aware that its mattresses did not meet the GOTS standard for organic mattresses and purposefully used the GOTS logo as complained of herein in bad faith and with the intention that consumers would believe that Defendant's mattresses are GOTS certified organic mattresses.

53. Plaintiff is being damaged by Defendant's actions which are causing a loss of goodwill and irreparable harm, and Plaintiff will continue to be damaged and harmed unless Defendant's actions are enjoined by this Court.

**COUNT II**
**FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A)**

54.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-53, which are incorporated herein by reference.

55.     On information and belief, Defendant's uses of the Plaintiff's certification marks are false or misleading descriptions and or false or misleading representations of fact.

56.     Defendant's uses of Plaintiff's certification marks in connection with the sale of mattresses are likely to deceive consumers to think that Defendant's mattresses are certified to the Plaintiff's standards, or otherwise approved by the Plaintiff, when in fact Plaintiff never certified or approved the mattresses sold by the Defendant.

57.     Plaintiff is being damaged by Defendant's actions which are causing a loss of goodwill and irreparable harm, and Plaintiff will continue to be damaged and harmed unless Defendant's actions are enjoined by this Court.

**COUNT III**
**FEDERAL FALSE ADVERTISING (15 U.S. C. §1125 (a)(1)(B)**

58.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-57, which are incorporated herein by reference.

59.     Defendant's advertising and promotions of Defendant's mattresses misrepresents the nature, characteristics, and qualities of Defendant's mattresses and misrepresents that Plaintiff has certified the nature, characteristics, and qualities of Defendant's mattresses.

60.     Defendant's use of Plaintiff's certification marks in connection with the sale, distribution, and promotion of mattress goods, includes false and misleading descriptions and misrepresentations of fact in commercial advertising and promotions that misrepresents the nature, characteristics, qualities and accreditation of Defendant's mattresses.

61.     Defendant's advertising is misleading consumers into thinking that Defendant's mattresses are organic and certified organic by the Plaintiff when in fact Defendant's mattresses are not certified by Plaintiff.

62.     Plaintiff is being damaged by Defendant's actions which cause loss of goodwill and irreparable harm, and Plaintiff will continue to be damaged and harmed unless Defendant's actions are enjoined by this Court.

## COUNT IV
## DECEPTIVE ACTS AND PRACTICES UNDER
## NEW YORK STATUTORY LAW

63.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-62, which are incorporated herein by reference.

64.     On information and belief, Defendant's actions as set forth above were designed to deceive consumers into viewing the GOTS certification logo and thereby believing that Defendant's mattresses are certified by Plaintiff as an organic mattress.

65.     On information and belief, Defendant knew its mattresses were not GOTS certified when commencing and promulgating advertising as complained of herein.

66.     On information and belief, Defendant knowingly intended to deceive consumers into thinking Defendant's mattresses were organic by using the GOTS logo in prominent display next to images of Defendant's mattresses.

67.      On information and belief, Defendant's actions as set forth above constitute deceptive acts and practices and false advertising in violation of N.Y. General Business Law §§ 349-350.

## COUNT V
## TRADEMARK INFRINGEMENT AND UNFAIR COMPEITION UNDER NEW YORK COMMON LAW

68.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-67, which are incorporated herein by reference.

69.     Defendant's use of the GOTS logo is misleading and unlawful.

70.     Defendant's actions complained of herein are likely to deceive consumers by implying that Defendant's mattresses are certified organic by Plaintiff.

71.     On information and belief, Defendant's advertising was intended to deceive and mislead consumers that Defendant's mattresses are certified by Plaintiff.

72.     Defendant's use of the GOTS certification logo on and in connection with Defendant's mattresses is not authorized by Plaintiff and infringes Plaintiff's common law trademark rights.

73.     Defendant has engaged in unlawful advertising, marketing and promoting its mattresses to the public and has offered the KEETSA mattresses for sale through website communications, direct online marketing material and physical locations, including a showroom within the borough of Manhattan.

74.     The advertising, marketing and promotional materials of Defendant's mattresses are likely to deceive the public into believing that they are certified by the Plaintiff and that an affiliation, connection or association exists between the mattresses and the Plaintiff.

75.     Defendant's action has caused and will continue to harm Plaintiff, its business, reputation, and goodwill.

76.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer damage and irreparable damage.

### PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff for each and every claim asserted above, and grant relief and an award, including, but not limited to:

a.     Permanently restraining and enjoining Defendant and all persons acting in concert with Defendant or purporting to act on its behalf or in active concert or in participation with Defendant, including, but not limited to, its agents, servants, employees, successors, licensees, or assigns, from infringing the certification trademarks of Plaintiff, falsely designating approval, sponsorship or affiliation with Plaintiff in connection with Defendant's mattresses, and promulgating false advertising which is likely to deceive consumers;

b.     An Order requiring Defendant to remove, destroy or obliterate Plaintiff's GOTS logo and GOTS mark on all labeling and promotional advertising in tangible form within the control of Defendant which contain thereon Plaintiff's GOTS logo and/or the GOTS mark;

c.     An Order requiring Defendant to remove all internet advertising and promotional advertising in any form within the reasonable control of Defendant which use the Plaintiff's GOTS logo and GOTS mark;

d.     An Order that Defendant take expeditious steps to notify all manufacturers, wholesalers, distributors, jobbers, and retailers of Defendant's mattresses which advertise or sell mattresses promoting the GOTS logo or mark, to cease, destroy, remove, or obliterate all uses of

Plaintiff's GOTS logo and GOTS mark on all tangible promotional materials, labels, and remove uses of the GOTS logo and GOTS mark from all internet advertising;

   e.  An Order requiring the Defendant to contact Defendant's customers that have purchased a Keetsa Plus, Keetsa Pillow Plus, and/or Keetsa Cloud mattress and inform said customers that the mattress they purchased was not certified by Plaintiff and require Defendant to offer to refund the purchase price of the mattress if the consumer decides to return the mattress (at the Defendant's expense), and or other remedy the Court deems appropriate under the circumstances;

   f.  An Order requiring Defendant to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

   g.  Awarding Plaintiff the Defendant's profits and all damages sustained by the Plaintiff as a result of Defendant's wrongful acts and infringement; an accounting of said profits; and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117 and New York State law;

   h.  The costs of the action;

   i.  Plaintiff's reasonable attorneys' fees incurred herein; and

   j.  For such other and further relief as the Court deems appropriate under the circumstances.

Dated: New York, New York     Respectfully submitted,
   April 10, 2017

              DITTHAVONG & STEINER, P.C.

              By:___ /s/ Brian M. Taddonio_____
              Brian M. Taddonio (BT-1409)
              1325 Avenue of the Americas, 27th Floor
              New York, New York 10019

Tel: 212.203.4809
btaddonio@dcpatent.com

HAUPTMAN HAM LLP

Jeffrey H. Greger VSB 41500
Pro Hac Vice (pending)
2318 Mill Road, Suite 1400
Alexandria, VA 22314
Tel. 703-535-7069
Fax-703-518-5499
jhgreger@ipfirm.com

*Attorneys for Plaintiff,*
*the Global Standard gemeinnützige GmbH*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document is being served via

the Court's CM-ECF system on April 10, 2017

Dated: New York, New York
   April 10, 2017

Respectfully submitted,

DITTHAVONG & STEINER, P.C.

By:_____ s/ Brian M. Taddonio_____
Brian M. Taddonio (BT-1409)
1325 Avenue of the Americas, 27th Floor
New York, New York 10019
Tel: 212.203.4809
btaddonio@dcpatent.com

16